E. GRADY JOLLY, Circuit Judge,
dissenting:
I respectfully dissent. I fully respect A.A.’s sincere religious belief that his hair not be cut, but that is not the belief on which the majority opinion rests. With respect for the scholarship of the majority opinion, its lengthy reasoning results in substantial mistakes.
I
The district court found that Native American communities “assign religious significance to hair length” and that the plaintiffs in particular “find significance in the fact that [their] hair is long.” It then concluded that the plaintiffs have “a sincerely held belief that their hair should be worn long.” A.A. ex rel. Bettenbaugh v. Needville Indep. Sch. Dist., No. H-08-2934, 701 F.Supp.2d 863, 875-76, 2009 WL 6318214, at *11 (S.D.Tex. Jan. 20, 2009). The court ultimately reasoned that the accommodation policy, which “will require [A.A.] to wear [his hair] ‘in a tightly woven braid,’ stuffed down the back of his shirt,” substantially burdens this belief “[b]y imposing a physically burdensome [i.e., uncomfortable] restriction” that “will influence [A.A.] to cut his hair in violation of his religious beliefs.” Id. at *12-13, 701 F.Supp.2d at 876-77 (emphasis added).[1] In short, the district court concluded that the school district gave A.A. a Hobson’s choice that effectively forced A.A. to forgo maintaining uncut, long hair and thus constituted a substantial burden on his religious belief. On appeal, the majority leaves this specific rationale of the district court in the dust bin and starts us on a meandering search for some cohesive support for the plaintiffs’ claim.
The school district, on appeal, argues the district court erred in finding that A.A. was required to wear his hair tucked down his collar, or in any one way, and that it was further error for the district court not to consider more comfortable alternative hair styles that were also compliant (off his collar) with its grooming policy, e.g., in a braided bun. The majority concedes that the district court erred in treating “in a plait and down his collar” as mandatory. Maj. op. at 253. Thus, the question on appeal should be whether the other options proposed by the school district would unconstitutionally burden A.A.’s religious beliefs.
Clearly, none of the other “off the collar” options proposed by the school district impose a substantial burden on A.A’s belief that he should not cut his hair. Indeed, braided hair is an option chosen often by A.A. himself. It is true, of course, that accommodations proposed by the school district would not disclose the exact length of A.A.’s hair.[2] And so the majority has now, on appeal, framed the plaintiffs’ purported religious belief not merely to be uncut long hair, but to be the visibility of *274 hair length. The majority concludes that the district court’s finding — that A.A. has a sincere belief that his hair be “worn long” — is a finding not just about length, but also about hair style — that the length must be religiously visible.
The majority has confected this interpretation entirely on its own. First, the relevant portions of the district court’s opinion never use the words “visibility” or “in plain sight,” contrary to what the majority opinion suggests. Maj. op. at 257.[3] Second, the court mentions hair length— not visibly displayed hair length — as the protected religious belief nearly a dozen times.[4] Third, the substantial burden analysis of the district court was concerned only that the “in a plait and down his collar” accommodation encouraged A.A. to cut his hair, i.e., was a “substantial burden” on his religious belief of not cutting his hair. The district court expressed no concern that “in a plait down his collar” would hide his hair.[5] Fourth, interpreting the district court as addressing visibility as a religious belief rests uncomfortably with other portions of the district court’s opinion; that is, the district court gave full discussion to visibility of hair length in the section of its opinion concerning free speech. In short, nothing in the district court’s opinion indicates an acceptance of A.A.’s argument that visibility was a protected belief; only by seizing a single line out of the district court’s opinion — “A.A. [has] a sincerely held belief that [his] hair be worn long,” AA, 2009 WL 6318214, *11, 701 F.Supp.2d at 876 — and then reading it out of context could the majority extend the district court’s findings on uncut long hair to visibility of the length of hair.
The majority nevertheless reasons that the district court’s statement — that “their hair should be worn long” — contains an implicit finding on the sincerity of the plaintiffs’ alleged belief in visibility because the district court used the word “worn.” According to the majority, “worn” means to “exhibit” or “present.” But common sense strongly cuts against interpreting “worn” to denote visibility. If “worn” means visible, t-shirts, socks, and petticoats, not to mention ordinary garments worn under sweaters and jackets, are not being worn because they are not seen. Defining the word “worn” to require “visibility” leaves one virtually gobsmacked.[6]
II
The non-faux issue on appeal, as reflected in the opinion and analysis of the *275 district court, is whether restrictions on A.A.’s choice of hair style constitute a substantial burden on the religious belief that his hair must not be cut.
The majority — somehow melding or confusing the religious belief it asserts, i.e., visibility, with whether that belief is substantially burdened — says that any hair style that conceals the exact length of A.A.’s hair is a substantial burden on his religious belief. The district court, however, never extended its holding this far. The district court only said that “in a plait and down his collar” was an uncomfortable manner of wearing his hair; this discomfort was a substantial burden upon wearing uncut long hair because the discomfort would encourage A.A. to cut his hair. All parties agree that the district court erred in assuming that “in a plait and down his collar” was the only choice available to A.A. Thus the school district argues, and I agree, that the religious belief of uncut long hair reasonably can be accommodated by wearing hair in a ponytail as a bun (or down the collar if he chooses; a t-shirt would seem to minimize the discomfort that concerned the district court).
As I have said, in addressing the substantial burden issue, the majority rests on its erroneous conclusion that A.A. has a belief in visibly long hair. It argues that any hair style that conceals the exact length of A.A.’s uncut long hair is a substantial burden on the religious belief of visible long hair. This argument is belied because hair plaited in a bun or on top of his head is visible long hair.
But the majority — though not the district court — further argues that any restriction on AA.’s hair style is a substantial burden because compliance will portray A.A. as a cipher who cedes his religious belief to the authority of the school district and thus he will be officially stigmatized. Maj. op. at 266-67. If he can wear his hair in any style he wishes, the majority reasons, his religious belief would then bear no official imprimatur of school district policy. With due respect, this is not sensible. By this reasoning, any regulation of religious expression constitutes a substantial burden because regulation presumptively restricts the right at issue and thus stigmatizes the assertive student who is in compliance. This is not, nor has it ever been, the law. As the majority agrees, Maj. op. at 264-65, a regulation constitutes a substantial burden only if “alternatives for the religious exercise are severely restricted.” Barr v. City of Sinton, 295 S.W.3d 287, 305 (Tex.2009). This leaves ample room for minimally invasive regulations, such as the one at issue here.
Ill
For the reasons asserted herein, I essentially dissent from the majority’s conclusions in toto.

. Cut, not hide, even though the policy would obviously require A.A. to hide his hair.

. Or so I assume for the purposes of this dissent. In reality, it is difficult to understand how a number of these alternatives would not expose the length of A.A.’s hair.

. Neither did the district court find that the plaintiffs believe that their braids "should be presented" in any particular way.

. See A.A., 2009 WL 6318214, at *11, 701 F.Supp.2d at 875 ("assign religious significance to hair length”; "long hair addresses ‘fundamental’ and ‘ultimate’ concerns”); *11, 701 F.Supp.2d at 876 ("Arocha has not cut his hair”; "he refused to cut his hair”; "[his] decision to shave his hair on the sides does not weaken the sincerity of his [beliefs]”; "[he] has 'kept the length’ "; "hair is long, not full"); *12-13, 701 F.Supp.2d at 877 ("otherwise, he will be forced to cut his hair”; "policy will influence him to cut his hair in violation of his religious beliefs”).

. Of course, even if the district court made some finding as to visibility, there is little reason to believe that it was so specific as to prohibit a hairstyle that is fully visible but hides some length, such as a bun atop his head.